IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ANDARIUS FRYE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 2:20-cv-02162 |
| v. | ) |
| | ) |
| FLOYD BONNER and SHELBY | ) |
| COUNTY JUSTICE COMPLEX, | ) |
| | ) |
| Defendants. | ) |

**ORDER DISIMISSING COMPLAINT (ECF NO. 1) WITHOUT PREJUDICE,
MODIFYING THE DOCKET, AND
GRANTING LEAVE TO AMEND**

On March 4, 2020, Plaintiff Andarius Frye, booking number 119110531, who is incarcerated at Shelby County Criminal Justice Center ("SCCJC"), in Memphis, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) On March 5, 2020, the Court granted him leave to proceed *in forma pauperis* and assessed the $350 filing fee. (ECF No. 4.)

Plaintiff sues as Defendants: (1) Floyd Bonner, as the Shelby County Sheriff; and (2) the SCCJC. (ECF No. 1 at PageID 1-2.) The Clerk is directed to modify the docket to add Shelby County as a Defendant.

Frye's complaint states that fellow inmate John Young fabricated a sick call slip on Plaintiff's behalf, for which Frye was called to the SCCJC's medical office on January 6, 2020. (*Id*. at PageID 2.) As Frye "approached the 4th floor control center, Young jumped from behind another inmate and proceeded to stab me in the head with a jail-mad[e] shank." (*Id*. ("the Incident").) Frye and Young were "already labeled as enem[ies] in the [SCCJC] system, so we

were never supposed to be around each other or move around the facility at the same time." (*Id*.) Frye contends that "Young was able to execute [the] plot by writing a bogus sick call using my information and himself for the same date. Doing so he laid in wait for me until I was called and stabbed me several times in the head, send[ing] me to Regional One ICU outside medical." (*Id*.)

Frye seeks medical fees; pain and suffering; $1,000,000 in punitive damages; and an order for the SCCJC "to follow the proper procedures when it comes to protoc[ols] as such." (*Id*. at PageID 3.)

I. **LEGAL STANDARDS**

   A. **Screening Requirements**

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint —

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the Court applies the standards of Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts a plaintiff's "well-pleaded" factual allegations as true and then determines whether the allegations "'plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the

pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

### B.     Requirements To State A Claim Under 42 U.S.C. § 1983

Plaintiff filed his complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States, (2) which was committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

**II.     ANALYSIS**

Plaintiff does not state whether he sues Sheriff Bonner or any other staff members in their official or individual capacities.  The Sixth Circuit requires plaintiffs to "set forth clearly in their pleading that they are suing the state defendants in their individual capacity for damages, not simply in their capacity as state officials."  *Wells*, 891 F.2d at 592.  "Absent a specification of capacity, it is presumed that a state official is sued in his official capacity."  *Northcott v. Plunkett*, 42 F. App'x 795, 796 (6th Cir. 2002) (citing *Wells*, 891 F.2d at 593).  The Court will therefore presume that Frye is suing Defendants in their official capacity.

Frye's complaint seems to assert four claims: (1) a general claim against SCCJC; (2) failure to protect; (3) failure to observe jail policies; and (4) inadequate grievance procedure.  None of his allegations sufficiently state a claim for relief, as explained below.

(1)     *Claims against the SCCJC*:  Plaintiff generally names the SCCJC as a Defendant. Governmental departments, divisions, and buildings are not suable entities.  Therefore, the Court construes Frey's claims against Shelby County.  *See generally Hafer v. Melo,* 502 U.S. 21 (1991). *See also Buffer v. Frazier*, No. 14-2497, 2015 WL 1637915, at *1 n.1 (W.D. Tenn. Apr. 13, 2015). However, a local government "cannot be held liable under 1983 on a *respondeat superior* theory."  *Monell v. Dep't. of Soc. Serv.,* 436 U.S. 658, 691 (1978) (emphasis in original); *see also Searcy v. City of Dayton,* 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit,* 25 F.3d 1342, 1345 (6th Cir. 1994).  A municipal government cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a governmental policy or custom and the alleged constitutional deprivation.  *Monell,* 436 U.S. at 691–92; *Deaton v. Montgomery Co., Ohio,* 989 F.2d 885, 889 (6th Cir. 1993).  To demonstrate liability, a plaintiff "must identify the municipal policy or custom, (2) connect the policy to the municipality, and (3)

show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving,* 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't,* 8 F.3d 358, 364 (6th Cir. 1993)). "Where a government 'custom has not received formal approval through the body's official decision-making channels,' such a custom may still be the subject of a § 1983 suit." *Alkire,* 330 F.3d at 815 (quoting *Monell,* 436 U.S. at 690–91). Such circumstances include those where, "[a]lthough not authorized by written law, such practices of state officials could well be so permanent and well settled as to constitute a 'custom or usage' with the force of law." *Monell,* 436 U.S. at 691. The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy,* 38 F.3d at 286 (quoting *Polk Co. v. Dodson,* 454 U.S. 312, 326 (1981) (citation omitted)).

Although civil rights plaintiffs are not required to plead the facts demonstrating municipal liability with particularity, *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 168–69 (1993), the complaint must be sufficient to put the local government on notice of a plaintiff's theory of liability. *See, e.g., Oliver v. City of Memphis,* No. 04–2074, 2004 WL 3316242, at *4 (W.D. Tenn. Dec. 2, 2004).

Frye fails to identify any official policy or custom of Shelby County that caused injury to him regarding the Incident. He has not shown a connection to any jail procedure or practice that lead to his injury. Instead, it appears that he is suing Shelby County only because he was confined in a county jail. Frye has not sufficiently alleged a claim against the County.

(2) <u>Failure to protect</u>   Frye states that Shelby County "staff neglected" to follow "prot[ocols] by letting this [I]ncident happen." (ECF No. 1 at Page 2.) The Court construes his claim as alleging that Defendants failed to protect Frye from Young. This allegation amounts to a

5

claim of deliberate indifference. *See Farmer v. Brennan*, 511 U.S. 825, 832-33 & 847 (1994) (noting that prison officials "must take reasonable measures to guarantee the safety of the inmates." A prison official is liable under the Eighth Amendment for failure to protect "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id*. at 847. To state a claim under the Eighth Amendment, a plaintiff must satisfy an objective and a subjective component. *Id*. at 834.[1]

To satisfy the objective component, "a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" *Id.* (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). That is, a prisoner must show that he "is incarcerated under conditions posing a substantial risk of serious harm." *Id.*; *see also Miller v. Calhoun Cnty.*, 408 F.3d 803, 812 (6th Cir. 2005).

The subjective component of an Eighth Amendment violation requires a prisoner to demonstrate that the official acted with the requisite intent; that is, that he had a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834; *see also Wilson v. Seiter*, 501 U.S. 294, 297, 302-03 (1991). Thus, it must be shown that the official acted intentionally. Further, "the prison official must know[] of and disregard[] an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837-38.

In the context of a failure-to-protect claim, an officer will not be held liable without a showing that he or she "should have been aware of the reasonable likelihood of a potential attack

---

[1] Although Frye does not clarify, it is possible he was a pretrial detainee at the SCCJC at the time of the alleged events. If so, his claims arise under the Fourteenth Amendment's due-process clause, which uses the same analysis as a claim under the Eighth Amendment. *See Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018) (noting that the Sixth Circuit "has historically analyzed Fourteenth Amendment pretrial detainee claims and Eighth Amendment prisoner claims 'under the same rubric'").

and intervened earlier." *Carico v. Benton, Ireland, & Stovall*, 68 F. App'x 632, 639 (6th Cir. 2003). "[A] correctional officer who observes an unlawful beating may . . . be held liable under § 1983 without actively participating in the unlawful beating." *McHenry v. Chadwick*, 896 F.2d 184, 188 (6th Cir. 1990). The facts alleged must show that the officers "provid[ed] an opportunity for the attack and d[id] nothing" or stood "idly by while a known attack took place without intervening." *Carico*, 68 F. App'x at 639.

Frye does not allege facts that meet the standard. The alleged "stabbing in the head" suggests serious harm (*i.e.*, the Eighth Amendment's objective prong). However, Frye alleges no facts that suggest any officer knew of the impending attack or acted in a way that disregarded an excessive risk to Frye's health or safety (*i.e.*, the Eighth Amendment's subjective prong). Although Frye alleges that he and Young were listed in the SCCJC system as "enemies" who were not supposed to be in close physical proximity to each other, Frye does not contend that any SCCJC personnel were involved or set up the violent encounter. For example, Frye does not allege that any particular officer knew about the fabricated and "bogus" sick call slip. (*See* ECF No. 1 at PageID 2.) The complaint fails to offer facts from which it can be plausibly inferred that any SCCJC personnel provided an opportunity for the attack and then stood by while the attack took place.

On this record, Frye does not meet the standard for an Eighth Amendment claim.

(3)    *Failure to observe jail policies*: Frye claims that "the staff neglected to do or follow prot[ocols] as a whole by letting this [I]ncident occur." (ECF No. 1 at PageID 2.) He fails to specify which protocol or policy was violated.

An inmate's allegation that jail officials failed to follow administrative policies does not, in and of itself, rise to the level of a constitutional violation. *Laney v. Farley*, 501 F.3d 577, 581

n.2 (6th Cir. 2007).  After *Sandin v. Conner*, 515 U.S. 472, 484 (1995), it is even clearer that mandatory language in prison regulations does not create a liberty interest protected by the Due Process Clause.  *See Rienholtz v. Campbell*, 64 F. Supp. 2d 721, 729-30 (W.D. Tenn.), *aff'd*, 198 F.3d 247 (6th Cir. 1999) (citing *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-71 (6th Cir. 1995)).  Section 1983 does not provide a remedy for violations of state laws or regulations.  *Lewellen v. Metro. Gov't of Nashville and Davidson Cnty.*, 34 F.3d 345, 347 (6th Cir. 1994) ("Unless a deprivation of some federal constitutional or statutory right has occurred, § 1983 provides no redress even if the plaintiff's common law rights have been violated and even if the remedies available under state law are inadequate.").  *See also Storm v. Swiger*, No. 4:07 CV 2387, 2007 WL 3171491, at *3 (N.D. Ohio Oct. 29, 2007) (the violation of a prison regulation is not actionable under § 1983) (citing *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993), *overruled in part on other grounds by Thompson v. Keohane*, 516 U.S. 99, 111 (1995)).  Accordingly, Frye does not have a constitutional right to Defendants' observance of any particular jail policy as it may relate to the Incident.  This claim does not afford a basis of relief to Frye.

(4)     *Inadequate grievance process*:  Frye contends that he filed a grievance about the Incident and has not received a response.  (ECF No. 1 at PageID 2.)  However, prisoners do not possess a constitutional right to a prison grievance procedure.  *See Young v. Gundy*, 30 F. App'x 568, 569-70 (6th Cir. 2002); *LaFlame v. Montgomery Cnty. Sheriff's Dep't*, 3 F. App'x 346, 348 (6th Cir. 2001) (holding that plaintiff's allegation that jail staff ignored the grievances he filed did not state a § 1983 claim "because there is no inherent constitutional right to an effective prison grievance procedure.").  Even if a grievance system was constitutionally guaranteed, Frye has not shown how any particular Defendant's conduct with respect to the grievance process directly affected his "ability to bring his claim before any court."  *See Coleman v. Governor of*

8

*Michigan*, No. 09-1139, 413 F. App'x 866, 874-875 (6th Cir. 2011) (citation omitted). Furthermore, a failure to take corrective action in response to an inmate grievance does not supply the necessary personal involvement for § 1983 liability. *See Simpson v. Overton*, 79 F. App'x 117, 120 (6th Cir. 2003).

For these reasons, Frye's grievance process allegations fail to state a cause of action.

### III.   AMENDMENT UNDER THE PLRA

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal of some of his claims under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that . . . amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that *sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). In this case, the Court grants Plaintiff leave to amend. Any amendment must be filed within twenty-one (21) days after the date of this order. An amended complaint will supersede the original complaint and must be complete in itself without reference to the prior pleadings. The amended complaint must be signed, and its text must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached

9

to the complaint. All amended claims must arise from facts alleged in the original complaint. Each claim must be stated in a separate count and must identify each Defendant sued in that count. If Plaintiff fails to timely file an amended complaint, the Court will assess a strike pursuant to 28 U.S.C. § 1915(g) and enter judgment.

IV.     **CONCLUSION**

For all of the reasons explained above: (1) the claims in the complaint (ECF No. 1) are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)-(2); (2) leave to amend is **GRANTED**; and (3) because the Court is dismissing the complaint, Plaintiff's request for injunctive relief (ECF No. 1 at PageID 3) is **DENIED** as moot.

**IT IS SO ORDERED**, this 7th day of October, 2020.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE
